## Porrecco v. Porrecco

*Ralph W. D. Levan*, for plaintiff.

MAYS, P. J., August 26, 1957.—The grounds for divorce are conviction of crime and sentence. The master, Raymond K. Hess, Esq., inter alia, made the following findings of fact:

11. On March 15, 1949, defendant was convicted of burglary to no. 17, March sessions, 1949, in the Court of Quarter Sessions of Berks County.

12. On June 9, 1949, defendant on said conviction was given a sentence which included imprisonment for not less than two nor more than 10 years in the Berks County Prison, which time was to be computed from March 16, 1949.

13. On March 16, 1951, defendant was released from prison and plaintiff agreed to live with defendant upon the condition that defendant would behave himself in a proper fashion in the future.

14. In October 1955, defendant was committed to prison for a period of 90 days as a parole violator.

15. On April 20, 1956, defendant left his residence with plaintiff for the express purpose of avoiding apprehension as a parole violator, and defendant never returned to plaintiff.

16. On the day of the hearing defendant was an inmate of the Berks County Prison.

The master, in his discussion, states that the reconciliation between the parties on March 16, 1951, was conditioned, as far as plaintiff was concerned, upon defendant thereafter leading a better life, and in particular, doing nothing which would again submit him to the custody of criminal courts, and then concludes that plaintiff is entitled to a decree of divorce. No exceptions have been filed.

A careful reading of the testimony in the light of what was concluded by the master justifies us in now saying that after defendant's release from prison in March 1951, he was received in the household by plaintiff, on the promise that he would mend his ways. This promise proved to be completely untrue. During a period of five years, by his conduct, defendant proved that what was his assurance given to his wife was

completely untrue. Their cohabitation was dotted with parole violations, potential criminal indictments, avoided only by payments to victims by plaintiff and her family, another term of imprisonment and, finally, a flight from the jurisdiction. In the past years he had two more recent convictions and sentences, a minimum term to be served of at least 18 months as ordered by the board of parole and a half dozen detainers from various counties filed.

Here the ground of divorce was unquestionably established by defendant's conviction and sentence for burglary in 1949. The reconciliation in 1951 was based on defendant's promise of reform. His subsequent actions proved that the attempted reconciliation was a mistake. Plaintiff, inspired by the best of motives, gave defendant an opportunity to reform. She worked and earned money, some of which was used to repay moneys that were illegally acquired by defendant. But all of this, because of the assurance that he would live a good life. This he failed to do. Instead of his conduct being as it should have been, he committed more crimes.

The master, in his discussion, stated that except for the period of time involved in the reconciliation, your master is of the opinion that the present case is analogous to Jacoby v. Jacoby, 21 Dist. R. 887. In that case, the court held that where a wife lived with her husband for one and one-half months after the expiration of his prior sentence, upon his promise to lead a better life in the future and behave himself in a proper fashion and this promise is violated, the consequences of his original offense are revived and a divorce may be granted therefor. While the period of reconciliation in the Jacoby case was considerably shorter than in the instant proceedings, your master does not feel that plaintiff herein should be so severely

prejudiced for being long suffering that her right to freedom and a new life shall be completely lost.

Being in entire accord with what the master stated, we must agree with him that a divorce should be granted and it is so ordered.